**Freddie Lee TILFORD, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, McAlester, Oklahoma, Respondent.**

**No. A–14837.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Oyler & Wise, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., for respondent.

## –ORDER–

Freddie Lee Tilford was charged, tried and convicted for the offense of Murder in the District Court of Oklahoma County, and his punishment fixed at death. This conviction was appealed to the Court of Criminal Appeals and affirmed in Tilford v. State, 437 P.2d 261. A Memorandum Opinion on the Petition for Rehearing was handed down by this Court on the 21st day of February, 1968, denying the rehearing, and on the 18th day of March, 1968, this Court denied a Second Petition for Rehearing. Thereafter, on the 3rd day of July, 1968, there was filed in this Court an application for habeas corpus on behalf of Freddie Lee Tilford and on the 19th day of July, 1968, the State of Oklahoma filed a Response thereto. This Court, after considering the application and the Response, entered the following Order:

## "–ORDER FOR EVIDENTIARY HEARING–

WHEREAS, a Petition for Habeas Corpus has been filed in this Court in the above styled and numbered cause, in which the Petitioner, in his 2nd and 6th propositions raises questions of fact which can only be determined by an evidentiary hearing conducted in the District Court of Oklahoma County, Oklahoma, the same being:

That the prosecutor withheld evidence favorable to the petitioner;

That jurors were excused for cause during the voir dire examination because they voiced general objections to the death penalty or expressed conscientious scruples against the infliction of the death penalty;

AND WHEREAS, the State of Oklahoma, by and through its Attorney General, in response to said Petition, requests that this Court issue an order directing that an evidentiary hearing be conducted in the District Court of Oklahoma County, and that the State and the Petitioner be allowed to produce evidence on the issues so raised.

IT IS THEREFORE THE ORDER OF THIS COURT that the Presiding Judge of the Seventh Judicial District enter an Order directing that an evidentiary hearing be held on the issues so raised, allowing each side to summons such witnesses and produce such testimony as may be relative to a determination of these issues. The Presiding Judge is further directed to enter an order directing that the transcript of such proceedings be made, together with findings of fact and conclusions of law by the Judge presiding over said proceedings.

IT IS THE FURTHER ORDER OF THIS COURT that the transcript of said proceedings, together with the conclusions of fact and law, be transmitted to this Court without unreasonable delay.

WITNESS OUR HANDS and the seal of this Court this 20th day of August, 1968.

/s/ Hez J. Bussey
——————————
HEZ J. BUSSEY, JUDGE
/s/ Tom Brett
——————————
TOM BRETT, JUDGE
ATTEST:
/s/ -Andy Payne
——————————
CLERK"

An evidentiary hearing was conducted on the 29th day of October, 1968, for the purpose of taking testimony on the allegations that the prosecutor withheld evidence favorable to the petitioner and that jurors were excused for cause during the voir dire examination because they voiced general objections to the death penalty or expressed conscientious scruples against the infliction of the death penalty.

At the conclusion of said hearing, and after carefully considering the evidence adduced at said hearing, the Honorable Carmon Harris entered the following Findings of Fact and Conclusions of Law:

"FINDINGS OF FACT

(1) The prosecutor did not withhold evidence favorable to the petitioner, Freddie Lee Tilford.

(2) Jurors were not excused for cause during the voir dire examination because they voiced general objection to the death penalty or expressed conscientious scruples against the infliction of the death penalty.

The Court makes the following conclusions of law:

The Jury that recommended the death penalty was not chosen by excluding veniremen for cause simply because they voiced general objection to the death penalty or expressed conscientious or religious scruples against its infliction, but any veniremen excused for cause because of objection to the death penalty were excluded because they further stated that by reason of their objection to the death penalty they would not follow the laws of the State of Oklahoma and inflict the death penalty in any circumstances.

The petitioner, Freddie Lee Tilford, was not tried by a Jury chosen by excluding veniremen for cause simply because they voiced general objection to the death penalty in violation of Witherspoon vs. State of Illinois, et al [391 U.S. 510], 88 Supreme Court Reporter, 1770 [20 L.Ed.2d 776].

The record of proceedings is ordered transmitted to the Court of Criminal Appeals of the State of Oklahoma as directed.

Dated this 13th day of January, 1969.

/s/ Carmon C. Harris
CARMON C. HARRIS
DISTRICT JUDGE."

A transcript of the testimony and proceedings in the District Court of Oklahoma County before the Honorable Carmon Harris, was transmitted to and filed with this Court on the 28th day of January, 1969, together with the Findings of Fact and Conclusions of Law as above set forth.

We have carefully considered the testimony and evidence adduced on said hearing, and are of the opinion that they amply support the findings of fact and conclusions of law entered by the Honorable Carmon Harris.

It is therefore the order of this court that the writ should be, and the same is hereby, denied.

WITNESS OUR HANDS and the seal of this Court, this 12th day of February, 1969.

TOM BRETT,
Presiding Judge
HEZ J. BUSSEY,
KIRKSEY NIX,
Judges.